27

## EASTERN DISTRICT OF MICHIGAN

## SOUTHERN DIVISION

SAMANTHA RAJAPAKSE

    Plaintiff

Case:2:17-cv-12970
Judge: Lawson, David M.
MJ: Davis, Stephanie Dawkins
Filed: 09-08-2017 At 09:38 AM
CMP RAJAPAKSE V. CREDIT ACCEPTANCE
CORPORATION ET AL (NA)

v.

**CREDIT ACCEPTANCE CORPORATION**
Brett A. Roberts, CHIEF EXECUTIVE OFFICER for Credit Acceptance Corporation
Steven M. Jones, PRESIDENT for Credit Acceptance Corporation
Kenneth S. Booth, CHIEF FINANCIAL OFFICER
Douglas W. Busk, TREASURER
Charles A. Pierce, CHIEF LEGAL OFFICER
Arthur Smith, CHIEF ANALYTICS
John S. Soave, CHIEF INFORMATION OFFICER
Daniel A. Ulatowski, CHIEF SALES OFFICER

**BOARD of CREDIT ACCEPTANCE CORPORATION**
Glenda Flanagan, EXECUTIVE VICE PRESIDENT, WHOLE FOODS MARKET
Thomas N. Tryforus, PRIVATE INVESTOR
Scott J. Vassauzzo, MANAGING MEMBER, Prescott General Partners, LLC

    Defendant (s)

---

## COMPLAINT

---

### TO THE HONORABLE DISTRICT COURT OF EASTERN MICHIGAN, PLAINTIFF,

Samantha Rajapakse ( hereinafter as Plaintiff or Rajapakse) , do hereby submit to the court her complaint against Defendant(s), Credit Acceptance Corporation , its executives, board members, employees and affiliate with this company directly or indirectly before this court. Plaintiff is seeking a reopening of the original complaint 16-13144 or this serves as a new complaint.

1

Plaintiff filed her original complaint before this court, ***docket: 16-13144*** presided by Magistrate Stephanie Dawkins, which dismissed **WITHOUT PREJUDICE** due to both parties was agreeing to arbitrate this issues before the court.

Plaintiff states she attempted resolve the dispute by submitting a letter of arbitration with Credit Acceptance Corporation on several occasions which did not respond. Both parties requested arbitration before the court. Plaintiff states Credit Acceptance Corporation   only agreed to arbitration as long as the case pending before the court was dismissed  which later they rejected all of Plaintiff's good faith submissions.

Plaintiff states Credit Acceptance Corporation   Counsel communicated with her asking would she settle her claim if her negative reporting be purged from her credit and Credit Corporation would remove the account from her credit. Credit Acceptance Corporation   Counsel stated to have the negative and removal of the account on Plaintiff's record would take anywhere from 2 to 3 months. Part of Credit Acceptance Corporation   settlement would prohibit Plaintiff from bringing a lawsuit for past tense and future damages. Counsel for Credit Acceptance Corporation   refused to place any offer in writing for Plaintiff to even consider. Plaintiff submitted her written offer of good faith proposing a reasonable offer to Credit Acceptance Corporation.  Plaintiff proposed Credit Acceptance Corporation   to satisfy the account as paid in full, provide her with a letter of the , release and clear of the title,  and damages during the repair of her credit of the amount of $5,900.00.  Credit Acceptance Corporation waited for the district court to officially dismiss the case and denied any offers and shut down **ALL** communications with Plaintiff

### ***JURISDICTION***

Court has jurisdiction under FRCP 4 over personal jurisdiction in regards to fact and law. Plaintiff, Rajapakse obtained the loan of the state of Tennessee. Defendants, Credit Acceptance Corporation   it's Executives and Board Members are located of the state of Michigan.  The Court also have jurisdiction of any act that constitute a federal fraud submitted by a private citizen in civil and criminal charges. Bringing the charge against Credit Acceptance Corporation the court shall prohibit any retaliation by attempted to threaten or repose any vehicle of its buyers or anyone that brings action before this court in supporting criminal intent with this company.

2

### *CREDIT ACCEPTANCE CORPORATION VIOLATION OF FEDERAL AND STATE LAWS UNDER THE GUIDELINES OF THE RICO ACT*

Under the RICO Act requirements that has to be met are violation of federal and state guidelines. The guidelines met are violations Credit Acceptance Corporation has violated have met the requirement for Plaintiff to ask for the court to petition for the United States Attorney General and or the State Attorney General in Michigan to forward for an investigation into this matter. Plaintiff is stating her complaint under these laws are is asking the court may others submit a claim showing violation of this law as well in seeking an investigation with the federal and state Attorney General.

Under the court jurisdiction a private party may bring these actions before the court for litigation.

*RACKETEERING INFLUENCE ORGANIZE CORRUPTION ACT (RICO) 18 U.S. 1961-1968*

*SECURITY AND COMMISSIONS FRAUD 18 U.S.C. 1348*

*AFFINITY FRAUD*

*TRUTH IN LENDING ACT 15 U.S.C. 1606-1664*

*TELEPHONE CONSUMER PROTECTION ACT (TCPT) 47 U.S.C. 227*

*FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. 1692 (1) (a)*

*FRAUD*

*FAIR CREDIT REPORTING ACT*

*MICHIGAN CONSUMER PROTECTION ACT*

*TENNESSEE CONSUMER PROTECTION ACT.*

### *PLAINTIFF AND DEFENDANT*

Samantha Rajapakse is a buyer and Plaintiff in this matter against Credit Acceptance Corporation. The original is stated as Tennessee Credit Acceptance Corporation.

**Brett A. Roberts**, Executive Officer for Credit Acceptance Corporation and is a Defendant in this complaint with full knowledge of the matter before the court.

**Steven M. Jones**, President of Credit Acceptance Corporation and is a Defendant in this complaint with full knowledge of the matter before the court.

**Kenneth S. Booth**, Chief Financial officer of Credit Acceptance Corporation and is a Defendant in this complaint with full knowledge of the matter before the court.

**Douglas W. Busk**, Treasurer of Credit Acceptance Corporation and is a Defendant in this complaint with full knowledge of the matter before the court.

**Charles A. Pierce**, Chief Financial Officer of Credit Acceptance Corporation and is a Defendant in this complaint with full knowledge of the matter before the court.

**Arthur Smith**, Chief Analytics for Credit Acceptance Corporation and is a Defendant in this complaint with full knowledge of the matter before the court.

**John S. Soave**, Chief Information Officer for Credit Acceptance Corporation and a Defendant in this complaint with full knowledge of the matter before the court.

**Daniel A. Ulatowski**, Chief Sales Officer for Credit Acceptance Corporation and a Defendant in this complaint with full knowledge of the matter before the court.

**Glenda Flanagan**, a board member for Credit Acceptance Corporation and the President of Whole Foods Market

**Thomas N. Tryforus**, a board member for Credit Acceptance Corporation, Private investor

**Scott J. Vassauzzo**, a board member for Credit Acceptance Corporation Managing member for Prescott General Partners, LLC which Credit Acceptance Corporation is a major investor.

All Defendants are fully aware of the illegal practices and behavior Credit Acceptance is committing and has condone, support, encourage, have full knowledge, or engaged in it directly or indirectly.

### *SUMMARY OF THE COMPLAINT*

Plaintiff, Buyer Samantha Rajapakse purchased a vehicle with A-1 Auto sales in Memphis, Tennessee, Shelby County, which was financed through Credit Acceptance Corporation. Plaintiff was told the vehicle had an extended warranty attached to the vehicle. The warranty was attached to the loan financing the vehicle to equal one total payment of 363.91. Upon financing Plaintiff was told the extended warranty could be used at any dealership or repair shop to be repaired. From the time of purchase until

June, 2016, Ms. Rajapakse was denied by dealerships and repair shops and the warranty was not honored. On June, 2016 after repeatedly requesting termination of the warranty and an adjustment of her account, Credit Acceptance Corporation  terminated the warranty and credit her account of $150.00. Ms. Rajapakse disputed the account with the three credit bureaus and with the Department of Justice Consumer Protection Bureau in which Credit Acceptance Corporation  informed her it was not a service warranty but a discount service.

During the filing of the original complaint, Ms. Rajapakse found evidence of a major discreptecies on her credit report of Experian. Credit Acceptance Corporation  reported the original loan as $10,089 and was sending Ms. Rajapakse a letter of default dated April, 2016 of the amount over $17,000.00. Credit Acceptance Corporation  reported on Credit Karma the case was dismissed. Plaintiff, Rajapakse filed the dispute with all three credit bureaus showing Credit Acceptance Corporation  violation of the Fair Credit Report Act. Since Credit Acceptance Corporation  states the original balance is less than $17,000.00 the vehicle is paid for and therefore the title should be released.

### CREDIT ACCEPTANCE CORPORATION  IS A PREDATORY LENDER

Credit Acceptance Corporation  has preyed on disadvantage consumers who have credit issues or credit problems obtaining a long with primary lenders. The interest rate is excessive than a normal rate. Credit Acceptance Corporation  and its dealer states the warranty is optional but it is automatic attached to the loan of the vehicle with Credit Acceptance Corporation. The warranty is marketed and sold through Credit Acceptance Corporation  after selling the warranty, does not offer any additional terms and condition to the buyer nor provide any additional terms and conditions to the warranty. The consumer, like Plaintiff, assume the vehicle can be taken to any dealership or repair center to have the vehicle repair only to find out this statement is false. When buyer, like Plaintiff inform Credit Acceptance Corporation of the difficulty of honoring the warranty, they are not provided a refund, adjustment of the buyer's account to reflect the cancellation until the terms. Credit Acceptance Corporation  waits until the warranty has expired even when the buyer is attempting to use the warranty before stating to the buyer they can no longer received a refund or adjustment on the account. Because of this, Credit Acceptance Corporation  behavior is defined, as a Predatory lender due to their unfair, deceptive, and fraudulent practices during the loan origination process.

### *PARTIES WHO WISH TO SUBMIT A COMPLAINT AGINIST CREDIT ACCEPTANCE CORPORATION IN SUPPORT OF CRIMINAL CHARGES*

The court cannot certify this in a civil matter as a "class action" due to no attorney assigned to Plaintiff as counsel. But the court do not have to disregard any parties that submit evidence in this complaint to support Fraud which is a criminal act. Individuals who filed affidavits in showing the court the pattern and practice of Credit Acceptance Corporation should be allowed to do so as pro se and at the same time support as a whole the criminal activities being committed in this complaint.

Credit Acceptance Corporation should not be above the law and should be treated the same way and any lender or banking institution. The courts and agencies have protected consumer rights against Wells Fargo, Bank of America and other institution with those who the consumer has place their trust in being fair and  honest in its transactions.

### *CREDIT ACCEPTANCE CORPORATION   ARBITRATION CLAUSE IS VOID UNDER THE RICO ACT.*

The court cannot support an illegal activity base on an arbitration clause which one party assumed the other party was in good faith. Credit Acceptance Corporation came into the agreement with not only unclean hands but with intent on deceiving Plaintiff and therefore, Plaintiff is not obligated to Credit Acceptance for arbitration and seek the court for relief.  Credit Acceptance Corporation cannot continue to deceit and commit a criminal act against its buyers and then hide behind an arbitration clause. Credit Acceptance Corporation is already preying on those misfortune using MIFA style terms and conditions as well as retaliation when its buyer/customers confront their dishonesty.

**18 U.S.C. § 1964**

**(a)**
The district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this chapter by issuing appropriate orders, including, but not limited to: ordering any person to divest himself of any interest, direct or indirect, in any enterprise; imposing reasonable restrictions on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce; or ordering dissolution or reorganization of any enterprise, making due provision for the rights of innocent persons.

**(b)**
The Attorney General may institute proceedings under this section. Pending final determination thereof, the court may at any time enter such restraining orders or prohibitions, or take such other actions, including the acceptance of satisfactory performance bonds, as it shall deem proper.

**(c)**

6

Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee, except that no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962. The exception contained in the preceding sentence does not apply to an action against any person that is criminally convicted in connection with the fraud, in which case the statute of limitations shall start to run on the date on which the conviction becomes final.

**(d)**

A final judgment or decree rendered in favor of the United States in any criminal proceeding brought by the United States under this chapter shall estop the defendant from denying the essential allegations of the criminal offense in any subsequent civil proceeding brought by the United States.

## _CREDIT ACCEPTANCE CORPORATION   ARBITRATION AND ARBITRATION CLAUSE IS NOT TO BE TAKEN IN GOOD FAITH._

Under the recommendation of Magistrate Stephanie Dawkins, both parties agreed of their pleading to arbitrate the issues before the court. Magistrate Dawkins dismissed the case **WITHOUT PREJUDICE.** August 8, 2017 Plaintiff sent Credit Acceptance Corporation   a letter demanding Arbitration, Credit Acceptance Corporation   did not respond. On August 15, 2017 Plaintiff sent a letter demanding Arbitration with Counsel for Credit Acceptance Corporation, counsel did not respond. On the 21 of August 2017 Plaintiff sent a letter to the Board of Directors through a third party, Lighthouse Services informing the parties of the recommendation of the court. Counsel For Credit Acceptance Corporation   sent Plaintiff an email informing her of the process of arbitration and requested her to contact him.  During communication Counsel for Credit Acceptance Corporation   asked if Credit Acceptance Corporation   would remove the negative trait and removed Credit Acceptance Corporation from her entire account would that settle the case. Plaintiff question counsel regarding the damages and the vehicle which he was unaware Plaintiff still had possession of. Counsel refused to put any offer in writing or make it official for Plaintiff to review.

Plaintiff contacted a credit repair agency regarding Credit Acceptance Corporation   "asking" and was told to get the offer in writing so if there was a dispute in the future Plaintiff would be able to provide

7

proof. Credit Acceptance Corporation   refuse to put anything in offer and attempted to bully Plaintiff into providing them with an acceptance on the spot.

Plaintiff sent Counsel and Credit Acceptance Corporation   a written and revised arbitration. Counsel sent Plaintiff an email stating the court had dismissed her case and therefore, Credit Acceptance Corporation had rejected her offer. Counsel for Credit Acceptance Corporation   stated Ms. Rajapakse need to refer to the arbitration clause which is vague in language.  Plaintiff sent a second notice asking to clarify was it the original or the revised. Counsel for Credit Acceptance Corporation   stated Credit Acceptance Corporation   had the right to arbitration or not. Counsel has refused to communicate with Plaintiff.

On August 31, 2017 Experian, a credit reporting agencies corrected Credit Acceptance Corporation   error on the credit report. Credit Acceptance Corporation   was fully aware of Experian correcting the credit report and assume they would offer this as a settlement.

## *CREDIT ACCEPTANCE FALSE REPORTING OF ITS ASSETS VIOLATES OF THE SECURITY AND COMMISSION ACT. FRAUD*

The Security and Exchange Commission constitute this type of behavior by Credit Acceptance Corporation as Security Fraud:

**Securities fraud**, also known as stock **fraud** and investment **fraud**, is a deceptive practice in the stock or commodities markets that induces investors to make purchase or sale decisions on the basis of false information, frequently resulting in losses, in violation of **securities** laws.

Credit Acceptance Corporation hired Lighthouse service in customers and employees to report anonymous any wrongdoing in the company. All complaints which are received through Lighthouse services are provided to the Board of Directors and the Executive Management. One of the attention Light house focus on is Manipulation of Accounts. Plaintiff has sent numerous letters regarding her account to the Board and Executive Members of Credit Acceptance who provides it to their counsel who bullies their customers. This cause of actions prevents buyers of Credit Acceptance in reaching out due to retaliation and harassment of their account like they are doing to Ms. Rajapakse.

8

Scott J. Vassauzzo, board member for Credit Acceptance Corporation and managing member of Prescott General Partners, LLC which Credit Acceptance Corporation is one of its largest clients. Prescott General Partners, LLC receives its information about Credit Acceptance Corporation reporting the Security and Exchange commission reports as stated on their website Vassauzzo, who has full knowledge of accounts and other issues filed in this about Credit Acceptance unethical behavior including the fraudulent warranties provide to its customers, as a board member has refused to report, investigate, or inquiry any wrongful allegation against Credit Acceptance. Vassauzzo act is a violation of federal and state laws indicated in this complaint.

Thomas N. Tryforus, a board member for Credit Acceptance Corporation and a private investor. Tryforus interest is secured by being a board member and his investment in Credit Acceptance Corporation.

Glenda Flanagan, board member and Executive Vice President of Whole Foods Market has full knowledge of Credit Acceptance behavior and deceit with its buyers and has failed to report, investigate or inquiry into Credit Acceptance Corporation .

Douglas W. Busk, a board member for Credit Acceptance Corporation and the Treasurer. Busk has full knowledge of all assets and profit for Credit Acceptance Corporation financial statements. Busk position assist him.

Charles A. Pierce is an Executive member of Credit Acceptance and has fully knowledge of the fraud and has assist, supported, condone, and supplied information of fraudulent warranties causing additional profits, benefits to the SEC, IRS which is a violation.

## CREDIT ACCEPTANCE CORPORATION ARBITRATION CLAUSE IS VOID UNDER THE INTERNAL REVENUE TAX FRAUD

Credit Acceptance Corporation of illegal behavior has been wide spread from State to State causing many buyers economic suffering in financing a vehicle.  Due to its widespread, all parties of Credit Acceptance Corporation, including its Board of Directors has supported, assist, condone, in this illegal act in order to benefit in profits investments for the company, investors, and executive  whom to receive bonuses.  Since their information is reported to the Security Exchange, it is also reported to the IRS as well and therefore, they are committing fraud.  The IRS states any document that is altered/False is a violation of Fraud. Credit Acceptance Corporation two documents showing one balance to the credit bureaus and one to Plaintiff supports altered or false documents.

### *CREDIT ACCEPTANCE CORPORTION HAS COMMITTED MAIL AND WIRE FRAUD*

Credit Acceptance Corporation collects its debts by telephone calls and mail of default. Part of that collection are fraudulent warranties attached to the note. The United States Postal service qualifies Credit Acceptance Corporation acts as fraudulent.

## § 1341.  Frauds and swindles.

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both.

### *CREDIT ACCEPTANCE CORPORATION VIOLATED THE MICHIGAN PROTECTION ACT.  AND THE TENNESSEE CONSUMER PROTECTION ACT*

10

Laws under 445.901-905 of the Michigan Consumer Protection Act clearly states it is fraud to offer services or good either directly or as a party to anyone with deceit intentions to defraud. Credit Acceptance cannot provide any of its buyers the names and location of where the service can be rendered. They simply state take it to any dealer. One person (Michigan Residence) who evidence will be submitted to this court states he was provided a location by Credit Acceptance Corporation where to get his vehicle service. When the buyer attempted to have the vehicle serviced he was denied. Another buyer ( Marcus Mays) of Credit Acceptance ( Tennessee) states he was informed the same information as the Michigan party and Plaintiff he could take his car anywhere to have it service only to find out it was not honored and he had to pay out of pocket. Tennessee Consumer Protection Act states it is violation to offer services to buyers without providing the location or honoring the agreement. Plaintiff states these are not just isolated situations but there are hundreds on social media making the same claim against Credit Acceptance Corporation.  In support of the RICO Act, Plaintiff will submit to the court in disk drive the stories on the social media regarding Credit Acceptance Corporation behavior in support of this complaint. Mays filed a petition in the previous complaint seeking to be included as witness and complaint in the fraudulent warranty. The court never replied. Mays again seek to gain access in supporting the complaint claim of the fraudulent warranty submitted for his vehicle.

## *CREDIT ACCEPTANCE CORPORATION   ARBITRATION CLAUSE IS VOID UNDER THE TELEPHONE CONSUMER PROTECTION ACT.*

Credit Acceptance Corporation abuses it rights of the Telephone Consumer Protection Act by contacting buyers prior to the date of payment and harass by calling the party many times during the debt. Plaintiff states she did not owe Credit Acceptance Corporation regarding the debt and therefore, no phone calls should have been made to her based on the original amount reported to Experian.  Credit Acceptance Corporation also uses the Telephone Consumer Protection Act once a person ask them not to call on their cell phones would cease communication with the buyer and just reposes the vehicle causing financial hardship and forcing the person to pay excessive fees in order to retain the vehicle. Because of Credit Acceptance Corporation's action, they called Plaintiff even when the payment wasn't due and prior to payments. Arrangements that were in a verbal binding agreement to pay, Credit Acceptance Corporation agents continue to arm strong Plaintiff by threatening to take the vehicle which has a location device on if

she did not make a payment to the agent she was speaking with. Plaintiff was informed that she could change payment dates to fit her paycheck, but was later denied that. Credit Acceptance Corporation payment statements provide a ten (10) days grace period but are told by the agents that is not correct. As a result, Credit Acceptance Corporation called Plaintiff on Sundays, After Hours, early mornings before 8am, and many times more than three to five robot calls a day in seeking collection. The calls were during Plaintiff time of work and when she requested Credit Acceptance to cease calls they informed her it was within their rights to contact her on her cell phone during her work hours. Plaintiff had to file a complaint with the Better Business Bureau to cease the calls. This is also a violation of the Fair Debt Collection Practice.

## TCPA LAW

People who have received telemarketing calls, unsolicited faxes, prerecorded calls, or autodialed calls to cellphones, may bring suit (in your local state court, including in small claims court) against the person making those calls if they violate the TCPA. The statute provides statutory damages, generally from $500 to $1500 for each violation, which are paid to the consumer.

Credit Acceptance Corporation   Arbitration Clause cannot be used when the evidence support any act that such as this. TCPA should not be used

## VIOLATION OF FAIR DEBT COLLECTION ACT AND THE RELEASE OF TITLE AND DAMAGES:

On August 31, 2017 credit reporting agency Experian corrected Plaintiff's credit rating by 11pont due to Credit Acceptance Corporation fraudulent reporting after Counsel communicated with Plaintiff in seeking an "asking" of settlement. Credit Acceptance Corporation intentionally reported false information to all three credit bureaus in an attempt to extort money from Plaintiff by using the vehicle as a hostage leverage. Since Experian has already corrected the account, Plaintiff is petitioning the court for the release of her title to the vehicle and for her to seek damages which was caused by Credit Acceptance for intentionally failure to timely correct her credit.

## EVIDENCE ATTACHED

Partial evidence submitted with the complaint shows Plaintiff's attempt to arbitrate as agreed. Within 10 days, additional evidence will support Plaintiff 's claim as soon as Credit Acceptance Corporation received notice of the dismissal they denied, rescinded arbitration in evidence of emails. It

was never intended by Credit Acceptance Corporation to attempt to arbitrate and only used that clause to cause additional damage to Plaintiff.

## BRIEF ARGUMENT OF COMPLAINT

The Executive and Board of Directors of Credit Acceptance Corporation have hid behind laws that support true businesses in establishing this MIFA type business. Federal Laws have been broken in support of their illegal schemes against its buyers. When a buyer complaints about the way Credit Acceptance Corporation handles their account, they bully their customers by threatening to take possession of the vehicle with or without warning. Although Plaintiff brings this complaint before the court, additional parties wish to provide support that the pattern and practice of Credit Acceptance is wide spread and threat to not only Plaintiff, but those in other states, mainly Michigan. Plaintiff's rights or any other person should not be denied because no representation before the court or because of race, color or creed. Credit Acceptance should not be allow to continue to commit a criminal act against its buyer while the court states the arbitration clause of a contract. Especially when a criminal act has occurred as well.

The Board of Directors are committing a criminal act as well against the buyers if a third party agency is providing them of wrong doing caused by Credit Acceptance Corporation and they fail to contact an outside agency to report wrongdoing or apply corrective actions to prevent further actions against its customers.

Damages: Credit is the most important thing in this world. It supports how you obtain a good job, housing, and insurance. Those who have fair or damaged credit know all too well the cost of having damage credit. Plaintiff was attempting to rebuild her credit after a divorce which dropped her credit score.

## RELIEF PLAINTIFF SEEKS AGAINST CREDIT ACCEPTANCE CORPORATION AND ALL OTHER PARTIES:

1. The court allow all parties to submit an affidavit against Credit Acceptance in supporting fraud caused and to be used an all cases related to credit acceptance.
2. The court will submit evidence to the appropriate agencies under the laws for criminal prosecution of the same claim against Credit Acceptance.
3. Plaintiff seek relief by Credit Acceptance Corporation releasing the title of the vehicle in dispute free and clear to her.

4. Plaintiff be entitled to injunctive relief and any parties who submit proof against Credit Acceptance Corporation of fraud.

5. Credit Acceptance send a letter to Plaintiff to have her credit restored as paid in good faith.

6. Plaintiff seek treble damages against Credit Acceptance Corporation for all emotional and actual damages cause by their fraudulent warranty scheme.

7. Plaintiff seek damages for violation of the Telephone Consumer Protection Act against Credit Acceptance Corporation.

8. The court provide injunctive relief of all parties submitting documentation of support of the criminal acts of Credit Acceptance Corporation.

9. The court award Plaintiff in the amount of 250,000 two hundred and fifty thousand dollars for harassment, falsifying documents, emotional duress.

**IT IS THEREFORE PETITONED TO THE COURT.**

Respectfully Submitted,

Samantha D. Rajapakse
45 7th Calvary
Fort Leavenworth, KS 66027
901.237.0744

## CERTIFICATE OF SERVICE

This serves a copy of the complaint that maybe required for the reopening of the complaint to be served to the opposing parties on 5th of September, 2017 by United States Postal Service.

Respectfully

Samantha Rajapakse

MIED ProSe 1 (Rev 5/16) Complaint for a Civil Case

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

SAMANTHA RAJAPAKSE

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**v.**

CREDIT ACCEPTANCE CORPORATION

| | |
|---|---|
| Brett Roberts | Daniel A. Ulatowski |
| Steven M. Jones | Board |
| Kenneth S. Booth | Glenda Flanagan |
| Douglas W. Busk | Thomas N. Tryforus |
| Charles A. Pierce | Scott J. Vassauzzo |
| Arthur Smith | |
| John S. Soave | |

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No.
_____
*(to be filled in by the Clerk's Office)*

Jury Trial:    ☑ Yes    ☐ No
*(check one)*

## Complaint for a Civil Case

MIED ProSe 1 (Rev 5/16)  Complaint for a Civil Case

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Samantha Rajapakse |
| Street Address | 45 7th Calvary Road |
| City and County | Fort Leavenworth |
| State and Zip Code | KS 66027 |
| Telephone Number | 901-237-0744 |
| E-mail Address | samantharajapakse@ymail.com |

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Credit Acceptance Corporation |
| Job or Title (if known) | |
| Street Address | 255505 W. Twelve Mile Road |
| City and County | Southfield |
| State and Zip Code | MI 48002 |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 2

| | |
|---|---|
| Name | Brett Roberts |
| Job or Title (if known) | CEO |
| Street Address | 255505 W. Twelve Mile Road |
| City and County | Southfield |
| State and Zip Code | MI 48002 |
| Telephone Number | |
| E-mail Address (if known) | |

2

MIED ProSe 1 (Rev 5/16)  Complaint for a Civil Case

Defendant No. 3

| | |
|---|---|
| Name | Steven M. Jone |
| Job or Title (if known) | President |
| Street Address | 255505 W Twelve Mile Road |
| City and County | Southfield |
| State and Zip Code | MI 48002 |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal question          ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

3

MIED ProSe 1 (Rev 5/16)  Complaint for a Civil Case

**A.      If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

**B.      If the Basis for Jurisdiction Is Diversity of Citizenship**

1.      The Plaintiff(s)

   a.      If the plaintiff is an individual
   The plaintiff, *(name)* Samantha Rajapakse _____,
   is a citizen of the State of *(name)* Tennessee _____.

   b.      If the plaintiff is a corporation
   The plaintiff, *(name)* Credit Acceptance _____,
   is incorporated under the laws of the State of *(name)*
   Michigan _____, and has its principal place of business in the
   State of *(name)* Michigan and Tennessee ____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.      The Defendant(s)

   a.      If the defendant is an individual
   The defendant, *(name)* Brett Roberts _____, is a citizen of the
   State of *(name)* Michigan _____. *Or* is a citizen of *(foreign nation)* _____.

   b.      If the defendant is a corporation
   The defendant, *(name)* Steven M. Jones _____, is incorporated
   under the laws of the State of *(name)* Michigan _____, and
   has its principal place of business in the State of *(name)*
   _____. *Or* is incorporated under the laws of
   *(foreign nation)* _____, and has its principal place
   of business in *(name)* Credit Acceptance Corp. ____.

   *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

4

Defendants listed is doing  as a citizen and business in  the state of Michigan

Brett Roberts
Kenneth S. Booth
Douglas W. Busk
Charles A. Pierce
Arthur Smith
John S. Soave

Daniel A Ulatowski
Glenda Flanagan
Thomas N. Tryforus
Scott J. Vassauzzo

MIED ProSe 1 (Rev 5/16)  Complaint for a Civil Case

3.   The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

Defendants sold Plaintiff a fraudulent warranty in which would not be honored. Refused to properly credit her account. Defendants damaged her credit by providing false information causing additional damange to her credit. The negative reporting caused Plaintiff to be denied employment, housing, and insur.

## III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

Plaintiff obtained a loan from Credit Acceptance Corporation and purchased a warranty. During the court of the tenture of the warranty it was not honored anywhere. Plaintiff attempted to have it cancelled and CAC refused to cancel it.  They later cancelled it before it expired and suppose to have credit the account 150.00. The amount was attached to the loan at 29%  which made it $5100.

The parties agreed to arbitrate the matter and the court dismissed the case. CAC later recsended the arbitration shortly after. Since the complaint others customers are coming out in submitting affidavits in support of the criminal act caused by CAC

CAC error provided to Experian caused this additional suffering.

MIED ProSe 1 (Rev 5/16)  Complaint for a Civil Case

**IV.     Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Seeking Actual damages in the amount of $250,000 for duress, pain and suffering cause by the. I am entitled because I have been disputing this over a year. due to their error over the warranty including housing, decrease my credit score, and increase of insurance ( health, auto).

Return of the title clear.
Letter of account paid in full

To be turned over the other agencies for criminal investigation.

**V.     Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.     For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: September 5                , 20 17     .

Signature of Plaintiff          _____

Printed Name of Plaintiff      _____

6

MIED ProSe 1 (Rev 5/16)  Complaint for a Civil Case

**Additional Information:**

This case was dismissed by the court so both parties could  arbitration. Shortly after dismissal CAC immediately shut down any kind of communication

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

County in which action arose: _____

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SAMANTHA D. RAJAPAKSE

## DEFENDANTS
CREDIT ACCEPTANCE CORPORATION

**(b)** County of Residence of First Listed Plaintiff    HAMILTON
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    OAKLAND
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se

Attorneys *(If Known)*
Steven W. King

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS— Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [X] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [X] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [X] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [X] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
personal

Brief description of cause:
company selling fraudulent warranties

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*

JUDGE   Stephanie Dawkins    DOCKET NUMBER   16-13144

DATE   9-5-17

SIGNATURE OF ATTORNEY OF RECORD   *Samantha Rajapakse Pro Se*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## PURSUANT TO LOCAL RULE 83.11

1.       Is this a case that has been previously dismissed?          ■ Yes
                                                                     ☐ No

If yes, give the following information:

Court: Eastern District of Michigan

Case No.: 16-13144

Judge: Stephanie Dawkins


2.       Other than stated above, are there any pending or previously      ☐ Yes
         discontinued or dismissed companion cases in this or any other    ■ No
         court, including state court? (Companion cases are matters in which
         it appears substantially similar evidence will be offered or the same
         or related parties are present and the cases arise out of the same
         transaction or occurrence.)

If yes, give the following information:

Court:

Case No.:

Judge:


Notes :

Maameke
45 14th Calvary Rd.
Fort Leavenworth, KS 66027

RECEIVED
SEP - 8 2017
CLERK OFFICE
DETROIT

United States District Michigan
231 W. Lafayette Blvd.
Clerks Office
Detroit, MI 48226

KANSAS CITY 640
05 SEP 2017 PM

DM

# New Lawsuit Check List

Instructions: Put a check mark in the box next to each appropriate entry to be sure you have all the required documents.

☐ Two (2) completed **Civil Cover Sheets.** *None*

☑ Enter the number of defendants named in your lawsuit in the blank below, add 2 and then enter the total in the blank.

*13* + 2 = *only 1 provided* **Complaints.**
# of Defendants          Total

Case: 2:17-cv-12970
Judge: Lawson, David M.
MJ: Davis, Stephanie Dawkins
Filed: 09-08-2017 At 09:38 AM
CMP RAJAPAKSE V. CREDIT ACCEPTANCE
CORPORATION ET AL (NA)

Received by Clerk: (NA) Addresses are complete: *only 3 dfts.*

☐ If any of your defendants are **government agencies**:
Provide two (2) extra copies of the **complaint** for the U.S. Attorney and the Attorney General.

| If Paying The Filing Fee | If Asking That The Filing Fee Be Waived |
|---|---|
| ☐ Current new civil action filing fee is attached. <br><br> Fees may be paid by check or money order made out to: <br><br> ***Clerk, U.S. District Court*** <br><br> Received by Clerk: _____ Receipt #: _____ | ☑ Two (2) completed **Application to Proceed in District Court without Prepaying Fees or Costs** forms. <br><br> *only 1 copy* <br><br> Received by Clerk: (NA) |

## Select the Method of Service you will employ to notify your defendants:

| Service via Summons by Self | Service by U.S. Marshal (Only available if fee is waived) | Service via Waiver of Summons (U.S. government cannot be a defendant) |
|---|---|---|
| ☐ Two (2) completed **summonses** for each defendant including each defendant's name and address. <br><br><br><br><br> Received by Clerk: _____ | ☐ Two (2) completed **USM – 285 Forms** per defendant, if you are requesting the U.S. Marshal conduct service of your complaint. <br><br> ☐ Two (2) completed **Request for Service by U.S. Marshal** form. <br><br> Received by Clerk: _____ | ☐ You need not submit any forms regarding the Waiver of Summons to the Clerk. <br><br> <u>Once your case has been filed, or the Application to Proceed without Prepaying Fees and Costs has been granted</u>, you will need: <br> • One (1) **Notice of a Lawsuit and Request to Waive Service of a Summons** form per defendant. <br> • Two (2) **Waiver of the Service of Summons** forms per defendant. <br><br> Send these forms along with your filed complaint and a self-addressed stamped envelope to each of your defendants. |

### Clerk's Office Use Only

Note any deficiencies here:

Rev. 4/13