UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMANTHA RAJAPAKSE,                          Case No. 17-12970

     Plaintiff                              Matthew F. Leitman
v.                                           United States District Judge

CREDIT ACCEPTANCE CORP, *et al*,             Stephanie Dawkins Davis
                                             United State Magistrate Judge

     Defendant(s).
_____/

**REPORT AND RECOMMENDATION: PLAINTIFF'S MOTION
FOR *EX PARTE* TEMPORARY RESTRAINING ORDER (Dkt. 19)**

## I.   PROCEDURAL HISTORY

Plaintiff filed this complaint against Credit Acceptance Corporation (CAC) and a number of individual defendants on September 8, 2017 relating to a car loan. (Dkt. 1).  District Judge Matthew F. Leitman referred this matter to the undersigned for all pretrial proceedings.  (Dkt. 8).  Plaintiff has not yet served the summons and complaint on any defendants.  Plaintiff has, however, filed a number of motions, including several motions for "injunctive relief."  (Dkt. 9, 12, 13, 14, 16-19).  One motion,[1] filed on February 4, 2018, purports to be a motion for an *ex*

_____

[1] Plaintiff's other motions for injunctive relief do not appear to fall into the category of *ex parte* motions for temporary restraining orders and thus, will be addressed in due course after defendants have been served with the summons and complaint.  In response to the recent Order to Show Cause why the summons and complaint have not been served, plaintiff has requested service by the Court, which will be initiated shortly.

*parte* temporary restraining order under Federal Rule of Civil Procedure 65(b), relating to the apparent repossession of plaintiff's vehicle based on an alleged failure to pay her automobile loan with CAC.  (Dkt. 19).

For the reasons set forth below, the undersigned **RECOMMENDS** denying plaintiff's motion for *ex parte* temporary restraining order.

## II.    FACTUAL BACKGROUND

In her motion entitled "Supplement Seeking Injunctive Relief Rule 65. Injunctions and Restraining Orders," plaintiff says that her car was repossessed and the company who repossessed it "informed her that there was no amount attached to the claim," and that she had 24 hours to seek injunctive relief or she would not be able to obtain the return of her vehicle without paying fees.  Additionally, the vehicle would be subject to sale.  (Dkt. 19, pp. 1-2).  Plaintiff says that CAC was supposed to "delete the warranty" and asserts that she has paid CAC the amount she owes for the vehicle.  (Dkt. 19, p. 2).  According to plaintiff's motion, the agency that seized the vehicle stated that the company will return the vehicle to plaintiff once an order is granted.  *Id*.  Plaintiff further explains that her "insurance was removed from her credit and kept on [the] CAC account, causing her vehicle to be seized."  *Id*.  According to plaintiff, CAC has attempted to use the vehicle as leverage.  She states that she paid Credit Acceptance for the vehicle and not the warranty.  Plaintiff has been demanding that Credit Acceptance Corporation

remove the warranty off the coverage of her vehicle since October, 2014 - shortly after financing the vehicle.

Although CAC has not been served, plaintiff says she has presented sufficient evidence to support the injunctive relief she is seeking.  Plaintiff maintains that she does not owe CAC any money and should not be forced to file bankruptcy protection and damage her credit in seeking equal protection.  Nor should she endure additional injury as a result of CAC's retaliation.  Plaintiff insists that CAC's repossession of her vehicle based on the fraudulent warranty will cause her to lose her employment and become homeless.

## III.   ANALYSIS AND CONCLUSION

The Court has discretion in deciding a motion for temporary restraining order.  *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Federal Rule of Civil Procedure 65(b), which governs requests for temporary restraining orders, states in part:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed.R.Civ.P. 65(b)(1).  "Reasonable notice" consists of information received within a reasonable time to permit an opportunity to be heard.  *Brown v. Countrywide Home Loans*, 2009 WL 1798069, at *1 (E.D. Mich. June 19, 2009) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439, (1974) (noting that *ex parte* "temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard").

Plaintiff here has failed to meet either requirement set forth in Rule 65(b). As explained in *Brown*, a "temporary restraining order is an extraordinary remedy that generally is reserved for emergent situations in which a party may suffer irreparable harm during the time required to give notice to the opposite party or where notice itself may precipitate the harm."  *Id*. (citing *Hambell v. Alphagraphics Franchising Inc.*, 779 F.Supp. 910, 912-13 (E.D. Mich. 1991)); *see also Farrell v. Harvey Elam Fair Value Appraisal Servs.*, 2011 WL 13220291, at *1 (E.D. Mich. June 3, 2011) ("An *ex parte* temporary restraining order is an extraordinary measure which will not be granted unless the movant clearly shows that such relief is warranted.") (quoting *Schuh v. Mich. Dep't of Corr.*, 2010 WL 3648876, at *2 (W.D. Mich. July 26, 2010) (internal citation and quotation marks omitted).  Plaintiff has not provided notice to the opposing parties, nor certified in writing "why [notice] should not be required."  Fed.R.Civ.P. 65(b)(1)(B).  Rather,

plaintiff's certificate of service merely states that "[s]ince the Defendants has [sic] not been served as stated by the court, the defendant was not provided a copy of this motion.  Credit Acceptance Corporation was provided a previous motion seeking injunctive relief prior to the court asking for a show of cause."  (Dkt. 19, p. 4).  Plaintiff admits not only that she did not provide notice, but, given that she had previously done so, she was clearly able to provide such notice.  Thus, plaintiff's failure to provide notice is not reasonable.

Moreover, the motion does not contain "specific facts in an affidavit or verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed.R.Civ.P. 65(b)(1)(A); *see also Farrell*, *1 ("Farrell did not discuss the scheduled eviction in his verified complaint or attach an affidavit alleging specific facts demonstrating that he will suffer immediate and irreparable harm before the Defendants can be heard in opposition, as required by Federal Rule 65(b)(1)(B).").  Just as in *Brown* and in *Farrell*, on the present record, the undersigned does not find that the drastic remedy of granting a temporary restraining order without notice is justified.  The undersigned, therefore, recommends denying the motion for *ex parte* temporary restraining order.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** denying plaintiff's motion for *ex parte* temporary restraining order.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and E.D. Mich. Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2); E.D. Mich. Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1,"

"Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 6, 2018                    s/Stephanie Dawkins Davis
                                          Stephanie Dawkins Davis
                                          United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I certify that on <u>February 6, 2018</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel and/or parties of record.

                                          s/Tammy Hallwood
                                          Case Manager
                                          (810) 341-7887
                                          tammy_hallwood@mied.uscourts.gov