UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMANTHA RAJAPAKSE,

        Plaintiff,

v.

CREDIT ACCEPTANCE CORP.,

        Defendant.
_____/

Case No. 17-cv-12970

Hon. Matthew F. Leitman

**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF #22) TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #21), (2) ADOPTING REPORT AND RECOMMENDATION'S RECOMMENDED DISPOSITION, AND (3) DENYING PLAINTIFF'S MOTION FOR *EX PARTE* TEMPORARY RESTRAINING ORDER (ECF #19)**

In this action, *pro se* Plaintiff Samantha Rajapakse claims that Defendant Credit Acceptance Corporation ("CAC") and numerous individual Defendants committed fraud and violated several federal statutes, including the Fair Debt Collection Practices Act, when Defendants attempted to collect an alleged debt related to her purchase of a vehicle. (*See* Complaint, ECF #1.) On February 4, 2018, Rajapakse filed an *ex parte* motion for a temporary restraining order in which she asked the Court to, among other things, order that the vehicle – which had been repossessed – be returned to her. (*See* ECF #19.) Rajapakse did not serve this motion on any of the Defendants.

1

On February 6, 2018, the assigned Magistrate Judge issued a Report and Recommendation in which she recommended that the Court deny Rajapakse's motion (the "R&R"). (*See* ECF #21.) The Magistrate Judge concluded that Rajapakse had failed (1) to provide notice of her motion to the Defendants and (2) to establish that she was entitled to "the drastic remedy of [] a temporary restraining order without notice." (*Id.* at Pg. ID 160.) Rajapakse filed timely objections to the R&R on February 7, 2018 (the "Objections"). (*See* ECF #22.)

The procedural posture of this case has changed significantly in the two weeks since Rajapakse filed the Objections. First, on February 8, 2018, Rajapakse filed new motions seeking the return of her vehicle. (*See* ECF ## 25-27.) Second, counsel for CAC has appeared in this action. Third, on February 13, 2018, the Magistrate Judge held a telephonic status conference with Rajapakse and counsel for CAC. (*See* Dkt.) During that call, CAC's counsel "indicated that [Rajapakse's] vehicle will be held and will not be sold before [her] motions for injunctive relief are resolved." (*Id.*) Finally, the Magistrate Judge entered a briefing schedule with respect to Rajapakse's motions. (*See* ECF #29.) CAC filed a response brief on February 21, 2018 (*see* ECF #32), and a telephonic hearing on Rajapakse's motions is scheduled for February 23, 2018.

The Magistrate Judge has established a fair and an appropriate process for hearing and resolving Rajapakse's motions. Given this new framework for resolving

Rajapakse's motions, the Court concludes that it would not be appropriate to grant Rajapakse the extraordinary relief of a temporary restraining order based on the previous *ex parte* proceedings. Instead, the relief Rajapakse seeks should be granted, if at all, only after consideration of the full record currently before the Magistrate Judge.

Accordingly, (1) the Objections (ECF #22) are **OVERRULED**, (2), the recommended disposition of the R&R (ECF #21) is **ADOPTED**, and (3) Rajapakse's *ex parte* motion for a temporary restraining order (ECF #19) is **DENIED**. This denial is without prejudice to any of the current motions pending before the Magistrate Judge.

**IT IS SO ORDERED**.

Dated: February 22, 2018

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 22, 2018, by electronic means and/or ordinary mail.

s/Amanda Chubb for Holly A. Monda
Case Manager
(313) 234-2644