UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMANTHA RAJAPAKSE,

    Plaintiff,

v.

CREDIT ACCEPTANCE CORP.,

    Defendant.
_____/

Case No. 17-cv-12970
Hon. Matthew F. Leitman

**<u>ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF #58) TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #57), (2) ADOPTING REPORT AND RECOMMENDATION'S RECOMMENDED DISPOSITION, AND (3) DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION (ECF ## 13, 14, 16, 17, 18, 25, 26, 27, AND 28)</u>**

In this action, *pro se* Plaintiff Samantha Rajapakse alleges that Defendant Credit Acceptance Corporation ("CAC") and numerous individual Defendants violated several federal statutes, including the Fair Debt Collection Practices Act and the Fair Credit Reporting Act, when Defendants attempted to collect an alleged debt related to her purchase of a vehicle. (*See* Compl., ECF #1.) Rajapakse has filed numerous motions seeking a preliminary injunction against the Defendants. (*See* ECF ## 13, 14, 16, 17, 18, 25, 26, 27, and 28.) She has also filed three separate motions for summary judgment. (*See* ECF ## 9, 12, and 55.)

1

On April 17, 2018, the assigned Magistrate Judge issued a Report and Recommendation in which she recommended that the Court deny all of Rajapakse's preliminary junction motions (the "R&R"). (*See* ECF #57.) The Magistrate Judge concluded that Rajapakse "had not met her burden of proof to support the extraordinary remedy of injunctive relief." (*Id.* at Pg. ID 496.) The Magistrate Judge further recommended that the Court require Rajapakse to withdraw two of her pending summary judgment motions because the Court's Local Rules only allow parties to file one summary judgment motion without leave of court. (*See id.* at 3 n.4, Pg. ID 487.)

Rajapakse filed timely objections to the R&R on April 23, 2018. (*See* ECF #58.)

# I

When a party objects to portions of a Magistrate Judge's report and recommendation, the Court reviews those portions *de novo*. *See* Fed.R.Civ.P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which the parties did not object. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

"An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*,

327 F.Supp.2d 743, 747 (E.D. Mich. 2004). Moreover, "[t]he filing of vague, general, or conclsuory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Zimmerman v. Cason*, 354 Fed. App'x 228, 230 (6th Cir. 2009). Indeed, "[a] general objection to the entirety of the magistrate's report has the same effects as would failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless ... The duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Id.* (quoting *Howard v. Sec'y of Health and Human Serv.,* 932 F.2d 505, 509 (6th Cir. 2001)).

## II

Rajapakse begins her objections by arguing that the assigned Magistrate Judge was biased against her. (*See* Objections, ECF #58 at Pg. ID 509-11.) Rajapakse insists that the Magistrate Judge issued the R&R as "retaliation for Plaintiff demanding the District Michigan Court to provide [sic] her the same equal protection as the defendants in the whole including Credit Acceptance Corporation." (Objections, ECF #58 at Pg. ID 510.)

These objections do not identify any particular flaw with the R&R and appear only to "state a disagreement with a magistrate's suggested resolution," which is not a valid objection. *Aldrich*, 327 F.Supp.2d at 747 (adopting report and

recommendation and overruling objections that did "not object to the magistrate judge's recommendation with any specificity"). More importantly, Rajapakse's claim that the Magistrate Judge was "biased" against her is baseless. The Magistrate Judge carefully considered Rajapakse's claims and arguments, and she then thoroughly and appropriately explained in the R&R why Rajapakse was not entitled to injunctive relief.

In the next section of the objections, Rajapakse lists ten questions related to the conduct of CAC and the Magistrate Judge. (*See* Objections, ECF #58 at Pg. ID 511-12.) The questions are not objections, and they do not provide any basis on which to conclude that the Magistrate Judge committed error in the R&R.

Rajapakse next spends three pages appearing to summarize the R&R in lettered bullet points. (*See id.* at Pg. ID 512-15.) To the extent that Rajapakse identifies any disagreements with the Magistrate Judge's conclusions in this section of her objections, Rajapakse does not attempt to explain how the Magistrate Judge erred. These objections are therefore insufficient because they are "vague, general, or conclusory." *Zimmerman*, 354 Fed. App'x at 230.

Rajapakse then lists thirty numbered "supported facts of the case." (Objections, ECF #58 at Pg. ID 515-18.) These "supported facts" do nothing more than summarize Rajapakse's allegations against CAC and the procedural history of this case. This section does not identify any specific errors in the R&R.

4

Rajapakse thereafter lists eight grievances with CAC and the Magistrate Judge. (*See id.* at Pg. ID 518-51.) Most of Rajapakse's complaints in this section do not appear to relate to the R&R or the legal analysis included in the R&R. And while a few of these grievances do take issue with the Magistrate Judge's conclusions in the R&R, Rajapakse has not shown how the Magistrate Judge erred or how she is likely to prevail on the merits of her claims such that a preliminary injunction is warranted here.

Finally, Rajapakse concludes her objections by arguing that the Magistrate Judge violated her rights as a *pro se* litigant. (*See id.* at Pg. ID 521-23.) The Court disagrees. The Magistrate Judge expressly recognized in the R&R that Rajapakse was appearing *pro se*, and the Magistrate Judge applied "the less stringent standard afforded *pro se* litigants" when reviewing Rajapakse's filings. (R&R, ECF #57 at Pg. ID 497-98.) As noted above, the Court finds no basis to conclude that the Magistrate Judge discriminated in any way against Rajapakse based on her status as a *pro se* litigant or otherwise.

## III

For all of the reasons stated above, **IT IS HEREBY ORDERED** that Rajapakse's objections to the R&R (ECF #58) are **OVERRULED** and the Magistrate Judge's recommended disposition in the R&R (ECF #57) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Rajapakse's motions for preliminary injunction (ECF ## 13, 14, 16, 17, 18, 25, 26, 27, and 28) are **DENIED**.

**IT IS FURTHER ORDERED** that by no later than **July 22, 2018**, Rajapakse shall file a written notice with the Court withdrawing two of her three currently-pending summary judgment motions (ECF ## 9, 12, and 55). If Rajapakse fails to file such a notice with the Court by July 22, 2018, the Court will dismiss all three motions without prejudice.

Dated: May 30, 2018

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 30, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764