UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMANTHA RAJAPAKSE,

       Plaintiff,

v.

CREDIT ACCEPTANCE CORP., *et al*,

       Defendant.

Case No. 17-cv-12970
Hon. Matthew F. Leitman

_____/

**<u>ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF #140) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #136), (2) ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION (ECF #136), (3) GRANTING DEFENDANTS' MOTION TO DISMISS (ECF #123), (4) DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT (ECF #41), (5) DENYING PLAINTIFF'S REMAINING MOTIONS AS MOOT (ECF ##119, 127, 129, 134, 139), AND (6) CERTIFYING THAT AN APPEAL COULD NOT BE TAKEN IN GOOD FAITH</u>**

Plaintiff Samantha Rajapakse, proceeding pro se and in forma pauperis, brings this action against Credit Acceptance Corporation ("CAC") and several individual defendants who are allegedly associated with CAC. Rajapakse's pleadings and claims are not easy to understand. Her claims appear to arise out of a vehicle retail installment contract ("RIC") that Rajapakse entered into when she purchased a 2007 Chevrolet Trailblazer. The RIC listed CAC as an assignee, and it appears that the RIC was assigned to CAC when Rajapakse purchased her vehicle. Rajapakse seems to allege that her vehicle came with a service warranty; that service facilities refused

1

to honor the warranty; and that CAC still required her to pay for the warranty and to pay the installment payments under the RIC even though the warranty was not being honored. Rajapakse's First Amended Complaint (ECF #41) appears to assert claims against the Defendants under a number of federal statutes, including the Fair Credit Reporting Act, the Truth in Lending Act, the Fair Credit Billing Act, the Fair Debt Collection Practices Act, and the Magnuson-Moss Warranty Act.

The assigned Magistrate Judge has issued a Report and Recommendation in which she recommends that the Court grant the motion to dismiss filed by Defendants, dismiss all of Rajapakse's claims, and deny as moot Rajapakse's motion for summary judgment and her other remaining motions (the "R & R"). (*See* ECF #136.) Rajapakse has filed objections to the R & R (the "Objections"). (*See* ECF #140.)

The Objections contain baseless attacks on the ethics and impartiality of the assigned Magistrate Judge. Rajapakse leaps to the erroneous conclusion that because the Magistrate Judge has made rulings adverse to her, the Magistrate Judge must be biased and dishonest. She has made similar meritless and unsupported attacks on the Magistrate Judge in earlier filings. (*See, e.g.*, Motion for Recusal, ECF #51 at Pg. ID 443-46; Motion for Recusal, ECF #101 at Pg. ID 766-70; Motion for Discovery, ECF #139 at Pg. ID 1148-53.) In the Objections, Rajapakse even

suggests that the Magistrate Judge committed "perjury" in one of the Magistrate Judge's rulings. (Objections, ECF #140 at Pg. ID 1173-74.)

This is not the first time that Rajapakse has hurled groundless allegations of misconduct at a federal judicial officer who has ruled against her. As United States District Judge John T. Fowlkes, Jr., said when he dismissed another action filed by Rajapakse:

> Plaintiff's filings primarily attack the integrity of this Court without going into the substance of the case at hand. There is no basis for Plaintiff to claim that this Court has at any time disadvantaged her based on her race, socioeconomic status, or *pro se* status. Nor has this Court ever lacked impartiality in this matter. The dismissal of this claim is completely a function of poor pleading and lack of merit.

*Rajapakse v. Wells Fargo Home Mortgage*, 2015 WL 4164172 at * 4, n.1 (W.D. Tenn., July 9, 2015). Judge Fowlkes deemed Rajapakse's filings so abusive that he enjoined her from filing future pro se actions in the Western District of Tennessee without first obtaining leave of court. *See Rajapakse v. Wells Fargo Home Mortgage*, W.D. Tenn., Case No. 15-02216 at Dkt. No. 52. In other federal civil actions that Rajapakse has filed pro se, she has attacked the impartiality of the presiding federal judicial officers in motions for recusal that did not warrant relief.[1]

---

[1] *See, e.g.*, *Reed-Rajapakse v. Memphis Light Gas and Water,* W.D. Tenn. Case No. 12-02807 at Dkt. No. 59 (motion for recusal) and Dkt. No. 61 (order denying motion for recusal); *Rajapakse v. Baker Donelson Bearman Caldwell & Berkowitz, P.C.*, et al., W.D. Tenn. Case No. 13-02328 at Dkt. No. 11 (motion for recusal) and Dkt. No. 15 (order denying motion for recusal).

3

Like her filings in the civil action before Judge Fowlkes, Rajapakse's Objections – to the extent that they move beyond the personal attacks on the Magistrate Judge in the instant case – are largely "incomprehensible." *Rajapakse v. Wells Fargo Home Mortgage*, 2015 WL 4164172 at *4, n.1. Moreover, Rajapakse does not address the bases on which the Magistrate Judge recommended dismissal. Rajapakse has not even come close to showing that the Magistrate Judge erred in any way. Accordingly, the Court **OVERRULES** the Objections (ECF #140), **ADOPTS** the Magistrate Judge's recommended disposition (ECF #136 at Pg. Id 1126), **GRANTS** Defendants' motion to dismiss (ECF #123), **DISMISSES** Rajapakse's First Amended Complaint (ECF #41) with prejudice, **DENIES AS MOOT** all of Rajapakse's remaining motions (ECF ##119, 127, 129, 134, 139), and **CERTIFIES** that **AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**.

**I**

Where a party objects to a portion of a Magistrate Judge's Report and Recommendation, the Court reviews that portion *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of a Report and Recommendation to which a party has not objected. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## II

Before turning to the R & R and the Objections, the Court wishes to address Rajapakse's repeated claim that the Magistrate Judge failed to account for her status as a pro se litigant and held her to unfair standards. These claims have no merit. The Magistrate Judge continually recognized the appropriate legal standard to be applied to Rajapakse given her pro se status.[2] Furthermore, on several occasions the Magistrate Judge advised Rajapakse that the Court's pro se clinic was available to assist. (*See, e.g.*, Order, ECF #118 at Pg. ID 906.) And the Magistrate Judge even attempted to appoint counsel for Rajapakse (*see, e.g.*, Notice Regarding Appointment of Counsel, ECF #87; Order Conditionally Appointing Counsel, ECF #99) – something that is rarely done in civil cases – but Rajapakse declined the offer. (*See* Motion to Withdrawal Counsel, ECF #113.) Simply put, Rajapakse was held to the proper standard and offered more help than most pro se litigants. She has no basis on which to complain about her treatment.

---

[2] *See, e.g.*, the R & R, ECF #136 at Pg. ID 1112 (stating that "in view of Rajapakse's status as a pro se litigant, the Court permits some leeway in evaluating her filings" and applies a "less stringent standard"); Report and Recommendation, ECF #57 at Pg. ID 497 (making same point); Order, ECF #69 at Pg. ID 573 (making same point); Order, ECF #118 at Pg. ID 907 (making same point).

**III**

**A**

In the R & R, the Magistrate Judge first recommended that the Court dismiss Rajapakse's claim under the Magnuson-Moss Warranty Act (MMWA) for lack of subject matter jurisdiction. (R & R, ECF #136 at Pg. ID 1114-15.) Rajapakse does not address this basis for dismissal in the Objections. Instead, she attempts to make other points about her claim under the MMWA. But since Rajapakse has not shown any error in the Magistrate Judge's conclusion that the Court lacks subject matter jurisdiction over the MMWA claim, Rajapakse's other observations about that claim are beside the point. Accordingly, to the extent that the Objections contain any objections to the Magistrate Judge's recommendation that the Court dismiss the MMWA claim, those objections are **OVERRULED**.

**B**

The Magistrate Judge recommended that the Court dismiss Rajapakse's Truth in Lending Act (TILA) claim as time-barred under the applicable statute of limitations. (R & R, ECF #136 at Pg. ID 1115-16.) In the Objections, Rajapakse does not attempt to show any error in the Magistrate Judge's analysis on this point.

Instead, she attempts to make other observations about her TILA claim.[3] But since Rajapakse has not shown any error in the Magistrate Judge's conclusion that the TILA claim is time-barred, Rajapakse's other observations about that claim are beside the point. Accordingly, to the extent that the Objections contain any objections to the Magistrate Judge's recommendation that the Court dismiss the TILA claim, those objections are **OVERRULED**.

C

The Magistrate Judge recommended that the Court dismiss Rajapakse's claim under the Fair Credit Billing Act (FCBA) on the ground that the FCBA does not apply to Rajapakse's car loan. (*Id.* at Pg. ID 1116-17.) It appears that Rajapakse may have attempted to address this portion of the R & R in her Objections. (Objections, ECF #140 at Pg. ID 1184-85.) But Rajapakse's discussion of the FCBA is incomprehensible and is not supported by a citation to any case law. (*See id.*) Accordingly, to the extent that the Objections contain any objections to the Magistrate Judge's recommendation that the Court dismiss the FCBA claim, those objections are **OVERRULED**.

---

[3] Rajapakse notes – without any argument or analysis – that she previously filed another action in this Court against CAC. (Objections, ECF #140 at Pg. ID 1183.) The Magistrate Judge acknowledged the filing of the prior action and explained that the prior action did not toll the limitations on Rajapakse's TILA claim because that action did not contain a TILA claim. (R & R, ECF #136 at Pg. ID 1116 n.3.) Rajapakse has not attempted to show that the Magistrate Judge erred in reaching that conclusion.

7

**D**

The Magistrate Judge recommended that the Court dismiss Rajapakse's Fair Debt Collection Practices Act (FDCPA) claim on the ground that CAC "is not a debt collector as defined by the FDCPA." (R & R, ECF #136 at Pg. ID 1118.) Rajapakse's Objections do not respond to, or even mention, the Magistrate Judge's analysis of her FDCPA claim. Accordingly, to the extent that the Objections contain any objections to the Magistrate Judge's recommendation that the Court dismiss the FDCPA claim, those objections are **OVERRULED**.

**E**

The Magistrate Judge recommended that the Court dismiss Rajapakse's claims under the Fair Credit Reporting Act (FCRA) on the grounds that (1) there was no private right of action for a violation of at least one of the provisions of the Act under which Rajapakse brought her claim, (2) the provisions of the Act cited by Rajapakse did not apply to her allegations that CAC provided inaccurate information to the Court, and (3) Rajapakse did not plausibly allege CAC violated the pertinent sections of the Act when it provided purportedly inaccurate information to the credit reporting agencies. (Objections, ECF #140 at Pg. ID 1118-24.) In the Objections, Rajapakse does not specifically address the Magistrate Judge's analysis of her FCRA claims. Instead, she attempts to make other observations about her claims under the Act. But her points concerning her claims do not show how the claims are viable

notwithstanding the flaws highlighted by the Magistrate Judge. Accordingly, to the extent that the Objections contain any objections to the Magistrate Judge's recommendation that the Court dismiss the FCRA claims, those objections are **OVERRULED**.

F

Finally, the Magistrate Judge recommended that the Court dismiss Rajapakse's fraud claim "because she has not pleaded it with any particularity as required by Federal Rule of Civil Procedure 9(b)." (R & R, ECF #136 at Pg. ID 1124.) Rajapakse's Objections do not counter or even mention the Magistrate Judge's analysis of her fraud claim. Accordingly, to the extent that the Objections contain any objections to the Magistrate Judge's recommendation that the Court dismiss the fraud claim, those objections are **OVERRULED**.

IV

For the reasons stated above, this Court **OVERRULES** Rajapakse's Objections (ECF #140), **ADOPTS** the Magistrate Judge's recommended disposition (ECF #136 at Pg. ID 1126), **GRANTS** Defendants' motion to dismiss (ECF #123), and **DISMISSES** Rajapakse's First Amended Complaint (ECF #41) with prejudice. Having dismissed the First Amended Complaint, the Court **DENIES AS MOOT** all of Rajapakse's remaining motions (ECF ##119, 127, 129, 134,139).

# V

Finally, the Court **CERTIFIES** that an appeal of this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A). Rajapakse has not even attempted to rebut the Magistrate Judge's determination that all of her claims fail as a matter of law. Instead, she has devoted much of her efforts in this case to lobbing baseless attacks on the ethics and impartiality of the Magistrate Judge – attacks much like those she has made against several other federal judicial officers. This action should end now.

**IT IS SO ORDERED.**

Dated: February 27, 2019

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 27, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764